IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS D. ARTHUR, | ) |
|     Plaintiff, | ) |
| v. | )   CASE NO. 2:07-cv-319-WKW |
| TROY KING, *et al.*, | ) |
|     Defendants. | ) |

## **ORDER**

Before the court is Debbie Murphree's Motion for Preliminary Injunction to Preserve DNA and All Forensic Crime Scene Evidence and Materials (Doc. #23.) The court construes this as a motion to intervene. For the reasons stated below, this motion is due to be denied.

Murphee seeks to intervene and to have the court preserve all crime scene material and evidence and requests the DNA of Thomas Arthur. Murphree does not have standing to intervene in this case. Intervenors are sometimes allowed to "piggyback" upon the standing of the original parties and do not have to show they have individualized standing. *Dillard v. Chilton County Commission*, 495 F.3d 1324 (11th Cir. 2007). However, for such piggybacking to occur there must be a continuing adversarial controversy in the original action. *Id.* Here, the original action is closed so Murphree cannot piggyback and must show that she has standing to press her claim. She asserts she has taxpayer standing. To have standing a party must do more than raise a generalized grievance "claiming only harm to his and every citizens's interest in proper application of the Constitution and laws." *Hein v. Freedom from Religion Foud., Inc.*, ___ U.S. ___, 127 S. Ct. 2553, 2563-64 (2007) (quoting *Lujan v. Defenders of Wildlife*, 50 U.S. 555, 573-74 (1997)). Murphree raises only a

generalized grievance so she does not have standing to intervene.

It is ORDERED that the motion is DENIED.

DONE this 27th day of September, 2007.

/s/  W. Keith Watkins
UNITED STATES DISTRICT JUDGE